**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONNELL R SHEARIN,<br>Plaintiff,<br>v.<br>PROJECT LIVE INC.,<br>Defendant. | Civil Action No.: 25-17199<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the court on defendant, Project Live Inc.'s ("Project Live" or "Defendant") motion to dismiss, ECF No. 5, plaintiff Donnell Shearin's complaint, ECF No. 1, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motion, ECF No. 7, and Defendant replied, ECF No. 9. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below the motion is granted.

## I. BACKGROUND[1]

This case arises from Defendant Project Live's alleged termination of Plaintiff in retaliation for Plaintiff's reporting of alleged misconduct. Project Live is a private mental health residential facility "whose primary goal is to ensure the safety and well-being for the mentally ill, geriatric and chemically addicted population." ECF No. 1 ("Compl.") ¶ 10. Plaintiff was terminated on October 18, 2024, following a mandatory meeting with his managers.[2] *Id.* ¶ 21. His managers allegedly stated that he was fired for "insubordination and resistance to authority" and "creating a tense work environment." *Id.* ¶ 22.

---

[1] The following facts are accepted as true for the purpose of the motion to dismiss.
[2] Elsewhere in the Complaint, Plaintiff states he was terminated on October 24, 2024. Compl. ¶ 3.

Plaintiff, however, alleges that the real reason for his termination was that he filed "protective disclosures" to Project Live and the New Jersey Division of Mental Health and Addiction Service. *Id.* ¶¶ 5–6, 11, 24–26. Specifically, between December 2023 and September 2024, Plaintiff informed Project Live managers of alleged "falsification of . . . New Jersey fire drill regulations," "employee residential workplace drug use," "employee falsification of medical records and falsification of prescription drug treatment," and various patient safety violations. *Id.* Project Live then met with Plaintiff regarding these "protective disclosures" in August and September 2024. *Id.* ¶ 12. Thereafter Project Live hired an independent human resource service to "examine and evaluate" the disclosures. *Id.* ¶ 13. The human resource service completed its investigation on September 23, 2024. *Id.* ¶ 20. On October 17, 2024, Plaintiff filed a harassment and retaliation complaint with Project Live. *Id.* ¶ 21. He was terminated the following day. *Id.*

In August 2025, Plaintiff filed a charge of unlawful employment discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and was issued a notice of right to sue letter. *Id.* ¶¶ 14–19. Plaintiff then filed the instant lawsuit on November 5, 2025. *See* Compl. In Count I, he alleges unlawful retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and New Jersey's Conscientious Employee Protection Act ("CEPA"). *Id.* ¶ 27. In Count II, he alleges unlawful workplace harassment in violation of Title VII and the New Jersey Law Against Discrimination ("NJLAD"). *Id.* ¶ 28. In Count III, Plaintiff alleges that Project Live engaged in intentional infliction of emotional distress ("IIED"). *Id.* ¶ 29. Defendant moved to dismiss all counts for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

## III. DISCUSSION

Defendant moves to dismiss all three counts in Plaintiff's complaint. Defendant argues that Plaintiff's CEPA claim is time barred, that Plaintiff has failed to state a claim for harassment under Title VII and the NJLAD and for retaliation under Title VII because those statutes "specifically concern discrimination," and Plaintiff has not provided sufficient factual allegations amounting to an IIED claim. *See* ECF No. 5-3 at 6–10. The court agrees and addresses each argument in turn.

### A. CEPA Claim

Plaintiff's CEPA claim is time barred because he did not bring this suit within the statute of limitations period.[3] "CEPA protects employees against retaliation by employers for whistleblowing activities." *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 240 (3d Cir. 2016). CEPA claims "are governed by a one-year statute of limitations." *Piper v. Univ. of Med. & Dentistry of New Jersey, Sch. of Osteopathic Med.*, No. A-2123-09T3, 2011 WL

[3] "Under the law of the Third Circuit, statute of limitation defenses can properly be raised under Rule 12(b)(6)." *Battle v. Mabus*, No. 17-23, 2018 WL 1569408, at *3 (W.D. Pa. Mar. 30, 2018) (citing *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)).

2314401, at *5 (N.J. Super. Ct. App. Div. June 8, 2011) (citing N.J.S.A. 34:19–5). When, like here, a claim stems from an allegedly "wrongful actual termination, the 'employee's cause of action under CEPA accrues on the date of actual discharge'" and the statute of limitations period begins to run on that date. *Andriani v. Hudson Cnty. Schs. of Tech.*, No. A-1704-22, 2024 WL 464577, at *2 (N.J. Super. Ct. App. Div. Feb. 7, 2024) (quoting *Alderiso v. Med. Ctr. of Ocean Cnty. Inc.*, 167 N.J. 191, 194 (2001)). Plaintiff was terminated on October 18, 2024 (or October 24, 2024), and filed this action on November 5, 2025, which is beyond the one-year window to file suit. Compl. ¶¶ 3, 21. Accordingly, Plaintiff's CEPA claim as alleged is dismissed as untimely.

**B. Harassment and Retaliation Claims**

Plaintiff's harassment claim brought under Title VII and the NJLAD and his retaliation claim under Title VII are also dismissed. To state a harassment discrimination claim under Title VII and the NJLAD, a plaintiff must plausibly allege that "(1) he belongs to a protected class, (2) he suffered some form of adverse employment action, and (3) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination." *Albert v. Grice*, No. 20-20503, 2022 WL 126217, at *2 (D.N.J. Jan. 13, 2022) (cleaned up); *see also Jorge Nogueira v. Zoll Respicardia, Inc.*, No. 25-15446, 2026 WL 1878883, at *3 (D.N.J. June 30, 2026) ("The prima facie elements of employment discrimination are the same for claims under Title VII and the NJLAD.").

Here, although Plaintiff suffered an adverse employment action by being fired, he has not alleged facts suggesting he is a member of a protected class or that the circumstances of his firing give rise to an inference of unlawful discrimination. Indeed, Plaintiff appears to allege that the harassment at issue was that Defendant hired an independent human resources service to

investigate his "protective disclosures." Compl. ¶ 28(A). Yet, Plaintiff states that this alleged "harassment was based upon Plaintiff's protective disclosures" not on Plaintiff's membership in a protected class. *Id.* ¶ 28(B). Without more, the Court cannot infer that Plaintiff was terminated for any discriminatory reason.

Plaintiff's Title VII retaliation claim fails for similar reasons. Title VII prohibits retaliation "against an employee 'because he has opposed any practice made . . . unlawful . . . by' Title VII." *Wang v. Univ. of Pittsburgh*, No. 25-1816, 2026 WL 1959171, at *10 (3d Cir. July 7, 2026) (quoting 42 U.S.C. § 2000e-3(a)). So, to state a Title VII retaliation claim, a plaintiff must allege that he complained about conduct prohibited by Title VII, i.e., discrimination in the workplace, and that the employer took an adverse employment action against the employee because of the complaint. *See Young v. City of Philadelphia Police Dep't*, 651 F. App'x 90, 95 (3d Cir. 2016) ("Title VII prohibits employers from retaliating against employees for complaining about discrimination and harassment in the workplace.").

Here, Plaintiff's "protective disclosures" do not relate to workplace discrimination or harassment. Rather, Plaintiff alleges that he informed Defendant of purported "falsification of . . . New Jersey fire drill regulations," "employee residential workplace drug use," "employee falsification of medical records and falsification of prescription drug treatment," and various patient safety violations. *Id.* ¶¶ 5–6, 11, 24–26. None of the complaints, as alleged, pertain to race, color, sex, religion, or national origin—the classes protected by Title VII. *See Slagle v. Cnty. of Clarion*, 435 F.3d 262, 268 (3d Cir. 2006). Accordingly, Plaintiff did not oppose a practice prohibited under Title VII and his retaliation claim must be dismissed.[4] *See e.g.*, *Davis v. City of*

[4] To the extent Plaintiff's retaliation claim is based on his filing of a "harassment and retaliation based complaint on October 17, 2024," he has failed to state a claim. Compl. ¶ 21. Plaintiff provides no details about what was in the complaint and whether he complained about workplace discrimination.

*Newark*, 417 F. App'x 201, 203 (3d Cir. 2011) (affirming district court's dismissal of Title VII retaliation claim because plaintiff's alleged complaints pertained, in part, to coworker smoking on a work site which is not "conduct prohibited by Title VII").

### C. IIED Claim

Plaintiff's intentional infliction of emotional distress claim must also be dismissed. To state an IIED claim, the plaintiff must "establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Griffin v. Tops Appliance City, Inc.*, 766 A.2d 292, 296 (N.J. Super. Ct. App. Div. 2001) (quoting *Buckley v. Trenton Sav. Fund Soc'y*, 544 A.2d 857, 863 (N.J. 1988)). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citing *Buckley*, 544 A.2d at 863). And, "the emotional distress suffered by the plaintiff must be so severe that no reasonable man could be expected to endure it." *Id.* (citing *Buckley*, 544 A.2d at 863). Plaintiff has provided no allegations that meet this standard. That is, Defendant's choice to investigate Plaintiff's "protective disclosures" and allegedly terminate him for making those disclosures, does not go "beyond all possible bounds of human decency." Moreover, Plaintiff has not provided any allegations as to whether he suffered severe emotional distress. The IIED claim is dismissed.

## IV. <u>CONCLUSION</u>

Accordingly, for the reasons stated above, **IT IS** on this 29th day of October, 2026;

**ORDERED** that Defendant's motion to dismiss the complaint (ECF No. 5) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint is dismissed without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion. Insofar as Plaintiff submits a further amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(b)(2).

**SO ORDERED.**

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**